(Pleito No. 172.—Fallado en Febrero 15 de 1902.)

## TORRENS contra POUSA.

COMPETENCIA entablada entre las Cortes de Distrito de Mayagüez y Arecibo.

DEMANDAS SOBRE GESTIÓN DE TUTELA Ó CURADURÍA. Para conocer de las demandas en que se ejerciten acciones relativas á la gestión de la tutela ó curaduría, es Juez competente el del lugar en que se hubiese administrado la guardaduría en su parte principal, ó el del domicilio del menor.

SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á quince de, Febrero de mil novecientos dos; en la competencia pen-

diente ante Nos por razón de inhibitoria, propuesta por el Tribunal de Distrito de Mayagüez al de igual clase de Arecibo, en el conocimiento del pleito entablado ante el segundo por Don José Escalera García, en representación de su esposa Doña Carmelina Torrens, contra el consejo de familia de la misma constituído en Añasco, su tutor Don Enrique Pousa Parés y su protutor Don Francisco Oriosola, sobre cobro de pesos, rendición de cuentas de la tutela y entrega de las actas de sesiones del referido consejo de familia, habiendo comparecido únicamente ante este Tribunal Supremo la parte demandante, representada por el Letrado Don Rafael López Landrón, y el demandado Don Francisco Oriosola, representado por el Letrado Don Antonio Alvarez Nava.—Resultando: Que Don José Escalera García, como marido de Doña Carmelina Torrens, con domicilio en Ciales, dedujo ante el Tribunal de Distrito de Arecibo, en dos de Octubre del año próximo pasado, demanda civil para que se condenara en definitiva al consejo de familia encargado de la vigilancia de la tutela de la menor Doña Carmelina, al tutor de ésta Don Enrique Pousa Parés y á su protutor Don Francisco Oriosola, á que en el término de tercero día pagaran al Escalera Garcia, como representante de dicha menor, mancomunada ó solidariamente, la cantidad de mil doscientos dollars, con los intereses de curso, al tipo convenido del uno por ciento mensual, desde la última mensualidad dejada de satisfacer, á la entrega por parte del consejo de las actas de sus sesiones, á la rendición de cuentas de su administración por parte del tutor, examinadas por el protutor y censuradas por el citado consejo, y al pago de todas las costas, alegando, entre ótros extremos, que en los juicios en que se ejercitan acciones personales, cuando la demanda se dirija simultáneamente contra dos ó más personas que residan en pueblos diferentes, no habiendo lugar destinado para el cumplimiento de la obligación, será Juez competente el del domicilio de cualquiera de los demandados, á elección del

demandante, según el párrafo 2.º de la regla 1.ª del artículo 62 de la Ley de Enjuiciamiento Civil, y que con sujeción á las reglas 2.ª y 19 del artículo 63 de la misma ley, en las demandas sobre rendición de cuentas y en las que se ejerciten acciones relativas á la tutela, será Juez competente el del lugar en que se desempeñe la administración en su parte principal ó el del domicilio del menor.—Resultando: Que libradas cartas órdenes al Juez Municipal de Añasco para el emplazamiento del consejo de familia de Doña Carmelina Torrens, en la persona de su presidente Don Fermín Sagardia, al de Mayagüez para el emplazamiento del protutor Don Francisco Oriosola y al de Ciales para el emplazamiento de Don Enrique Pousa Parés, promovió Oriosola ante el Tribunal de Distrito de Mayagüez cuestión de competencia para que requiriera de inhibición al de Arecibo, á cuyo fin alegó que el consejo de familia de la menor demandante se constituyó en el pueblo de Añasco nombrando tutor de aquélla al Oriosola y protutor á Don Enrique Pousa Parés; que los bienes é intereses de Doña Carmelina radicaban en el pueblo de Añasco y allí fueron entregados á su tutor; que la menor, una vez emancipada por el matrimonio, trasladó con el esposo su residencia al pueblo de Morovis, y que aun existía constituído el consejo de familia para aquellos actos en que fuera necesaria su intervención, no obstante el matrimonio de Doña Carmelina; invocando como fundamentos de derecho que abonaban su pretensión el párrafo 1.º del caso 2.º del artículo 63 de la Ley de Enjuiciamiento Civil, expresivo de que en las demandas sobre rendición de cuentas será Juez competente el del lugar donde deban presentarse y, no obstante determinado, el del domicilio del poderdante ó dueño de los bienes ó el del lugar donde se desempeñe la administración, á elección de dicho dueño; el artículo 279 del Código Civil, preceptivo de que el pariente colateral del menor ó incapacitado y el extraño, que no hubiesen obtenido el cargo de tutor con la asignación de frutos por alimentos, rendirán

al consejo de familia cuentas anuales de su gestión, cuyas cuentas, después de examinadas por el protutor y censuradas por el consejo, serán depositadas en la Secretaría del Tribunal donde se hubiere registrado la tutela.— Resultando: Que oído el Ministerio Fiscal, dictó auto inhibitorio el Tribunal de Distrito de Mayagüez, y recibido en el de Arecibo el oficio inhibitorio con el testimonio correspondiente, impugnó la parte demandante la inhibición, exponiendo ser cierto que en Añasco se constituyó el consejo de familia para la vigilancia de la tutela de Doña Carmelina Torrens, defiriéndose el cargo de tutor de la misma á Don Enrique Pousa á quien fueron entregados sus bienes, trasladándose seguidamente á Ciales, pueblo de su domicilio, donde ha tenido y administrado los bienes puestos bajo su custodia, como también allí tuvo á su calor á la Doña Carmelina hasta que se unió ésta en matrimonio á Don José Escalera; que si la menor Doña Carmelina, desde el momento de horfandad, se fué á vivir con su guardador Pousa Parés al pueblo de Ciales, domicilio de Parés, y allí ha continuado viviendo después de su matrimonio con Don José Escalera del mismo vecindario, es claro que Ciales es su verdadero domicilio y si allí administró sus bienes el tutor, allí deben rendírsele sus cuentas, siendo por consiguiente el Tribunal de Arecibo el único competente para conocer del juicio, según la regla 1ª del artículo 63 de la Ley de Enjuiciamiento Civil; que tratándose, como se trata, de la rendición de cuentas generales de la tutela, no es de aplicación al caso el artículo 279 del Código Civil que invoca la parte contraria, y sí los artículos 231, 232 y 233 del mismo Código, según el cual el consejo ha de censurar las referidas cuentas sin ingerencia del protutor, y que, siendo varios los demandados, es Juez competente para conocer de la demanda el del domicilio de cualquiera de ellos con sujeción al párrafo 2º de la regla 1ª del artículo 62 de la ley procesal.—Resultando: Que oído el Ministerio Fiscal, dictó auto el Tribunal de Arecibo en veinte y dos de

Noviembre rechazando la inhibición, y habiendo insistido el de Mayagüez en su competencia por auto de veinte y seis del mismo mes, lo comunicó así al de Arecibo y remitieron ambos las actuaciones á esta Corte Suprema, sustanciándose la competencia con arreglo á derecho, habiendo sido oído el Ministerio Fiscal.—Visto : Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando : Que es Juez competente para conocer de las demandas en que se ejerciten acciones relativas á la gestión de la tutela ó curaduría el del lugar en que se hubiese administrado la guardaduría en su parte principal, ó el del domicilio del menor, conforme á lo dispuesto en el caso 19 del artículo 63 de la Ley de Enjuiciamiento Civil.—Considerando : Que si bien la Ley de Enjuiciamiento Civil no contiene precepto especial que determine la competencia para conocer de la demanda en que se ejerciten acciones contra el protutor y el consejo de familia, siendo como son estas instituciones tutelares creadas con posterioridad á dicha ley, debe regularse la competencia por analogía, según lo establecido para la tutela y para la curatela.—Considerando : Que la acción ejercitada es relativa á la gestión del tutor, del protutor y del consejo de familia de Doña Carmelina Torrens, y que siendo un hecho cierto, admitido por conformidad de las partes personadas en el juicio, que la demandante Doña Carmelina Torrens tiene su domicilio en pueblo correspondiente á la Corte de Distrito de Arecibo, es indudable que al promover el juicio ante dicha Corte usó del derecho que la ley le concede entablando la demanda en el lugar de su domicilio.—Fallamos : Que debemos declarar y declaramos que el conocimiento de esta demanda corresponde al Tribunal del Distrito de Arecibo, al que se remitan todas las actuaciones, poniéndolo en conocimiento del de igual clase de Mayagüez, siendo de cuenta respectiva de las partes las costas causadas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á quince de Febrero de mil novecientos dos.—E. de J. López Gaztambide, *Secretario.*